IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN HOLINSWORTH, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>DAVID PARKER, "in - re )<br>Department of Corrections," )<br>)<br>　　　　Defendant. ) | Case No. CIV-08-635-HE |

## **REPORT AND RECOMMENDATION**

Mr. Brian Holinsworth has initiated the present action under 42 U.S.C. § 1983, and the Court should summarily dismiss the action for failure to state a valid claim.

BACKGROUND

The Plaintiff alleges due process violations that led to a misconduct conviction, and he seeks restoration of earned credits and damages for a fine assessed in the disciplinary proceedings. Mr. Holinsworth was ordered to show cause why the claims should not be dismissed for:

- prematurity of a claim for monetary relief under *Edwards v. Balisok*, 520 U.S. 641 (1997) and

- unavailability of a claim for restoration of earned credits in a Section 1983 action under *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Order to Show Cause (June 26, 2008). The Plaintiff responded, but did not address these issues.

## STANDARD FOR SUMMARY DISMISSAL
## BASED ON FAILURE TO STATE A VALID CLAIM

Because Mr. Holinsworth is proceeding *in forma pauperis*,[1] the Court must screen the allegations to determine whether they state a claim on which relief can be granted.[2]   On screening, the Court should order dismissal only if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007).

## UNAVAILABILITY OF RESTORATION OF CREDITS UNDER SECTION 1983

In part, the Plaintiff seeks restoration of earned credits under Section 1983. *See supra* p. 1. Although Mr. Holinsworth can seek restoration of credits through habeas proceedings, he cannot do so through Section 1983.[3]

Under these circumstances, the Court should:

- conclude that Mr. Holinsworth has failed to state a valid claim for restoration of credits and

- dismiss without prejudice his prayer for the return of credits.[4]

---

[1]   *See* Order Granting Leave to Proceed *In Forma Pauperis* (June 26, 2008).

[2]   *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii).

[3]   *See Preiser v. Rodriguez*, 411 U.S. 475, 476-77 & 500 (1973) (holding that habeas corpus, rather than Section 1983, was the sole remedy in a prisoner's action for an injunction to compel restoration of credits); *Taylor v. Wallace*, 931 F.2d 698, 700 n.1 (10th Cir. 1991) ("While Mr. Taylor commenced this action pursuant to section 1983, he seeks the restoration of his good time credits, an action properly pursued via a petition for a writ of habeas corpus." (citation omitted)).

[4]   *See Janke v. Price*, 124 F.3d 216, 1997 WL 537962, Westlaw op. at 1, 5 (10th Cir. Sept. 2, 1997) (unpublished op.) (ordering dismissal without prejudice when a prisoner sued under Section 1983 for restoration of good time credits).

PREMATURITY OF THE PLAINTIFF'S CLAIM FOR MONEY DAMAGES

The Plaintiff also requests damages,[5] but such an award would be premature.

In *Heck v. Humphrey*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under Section 1983 if:

- a judgment in his favor would necessarily imply the invalidity of his conviction or sentence and

- the courts have not previously invalidated the conviction or sentence through a direct appeal, order of expungement, decree of collateral relief, or writ of habeas corpus.

*See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Edwards v. Balisok*, the Court extended this holding to a prisoner's loss of credits in disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Thus, a suit for damages cannot proceed if judgment in favor of the prisoner would necessarily imply the invalidity of a disciplinary conviction involving the loss of credits. *See id.*

Mr. Holinsworth's underlying claims involve lack of evidence and actual innocence. If the Plaintiff were to prevail on these claims, the judgment would necessarily imply the invalidity of the disciplinary conviction and removal of earned credits.[6] Thus, the claim for

---

[5]   *See supra* p. 1.

[6]   *See Walters v. Guilfoyle*, 68 Fed. Appx. 939, 940 (10th Cir. June 26, 2003) (unpublished op.) (the plaintiff's claim involving misconduct charges, despite knowledge of actual innocence, would necessarily imply the invalidity of his disciplinary conviction); *Griffin v. Samu*, 65 Fed. Appx. 659, 660 (10th Cir. Mar. 17, 2003) (unpublished op.) (challenges to the sufficiency of the evidence for a disciplinary conviction would necessarily imply the invalidity of the misconduct conviction).

damages is premature until the disciplinary conviction has been invalidated in other proceedings. *See supra* p. 3. This request should be dismissed without prejudice to refiling.[7]

### RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

Mr. Holinsworth's claim for restoration of earned credits is not viable in a Section 1983 action, and the request for damages from the fine is premature. Thus, the Court should summarily dismiss the action without prejudice for failure to state a valid claim.

The Plaintiff can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 12, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### STATUS OF THE REFERRAL

The referral is terminated.

Entered this 21st day of July, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[7] *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." (citations omitted)).