**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRIAN HOLINSWORTH,           ) | |
|                 Plaintiff,     ) | |
| vs.                                                  ) | NO.  CIV-08-0635-HE |
| DAVID PARKER, "in - re          )<br>Department of Corrections,"   ) | |
|                 Defendant.    ) | |

### ORDER

Plaintiff Brian Hollinsworth, a state prisoner appearing *pro se,* instituted this 42 U.S.C. § 1983 (2000) action on June 20, 2008.  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach.  The magistrate judge's Report and Recommendation [Doc. #10] recommends that plaintiff's claim for damages be dismissed without prejudice as premature and plaintiff's action for restoration of earned credits also be dismissed without prejudice  pursuant to 1915(e)(2)(B).

Plaintiff has timely filed an objection to the Report and Recommendation [Doc. #11]. This court reviews de novo objections to the Report and Recommendation.  28 U.S.C. § 636(b)(1).  Further, because plaintiff is proceeding pro se, his pleadings are liberally construed.  *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).  Plaintiff's objection alleges that he has filed both a § 1983 action and a § 2241 action in his original filing [Doc. #1] and that his claim for damages is appropriate.

Plaintiff's original filings on June 20, 2008, include a Civil Rights Complaint Pursuant

to 42 U.S.C. § 1983 [Doc. #1] and a Motion for Leave to Proceed in forma pauperis [Doc. #2]. Plaintiff's motion to proceed IFP states the nature of the action is a § 1983 complaint. Plaintiff's § 1983 complaint does allege that he has exhausted state remedies, which is a necessary prerequisite to habeas relief, but this does not constitute the initiation of a habeas corpus action.

Plaintiff may seek restoration of his earned credits only by appropriately filing a petition for a writ of habeas corpus. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973). Further, the court substantially agrees with the magistrate judge that plaintiff's claim for damages is premature. *See* Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Having reviewed the record and given the plaintiff's objections de novo review, and being in agreement with Magistrate Judge Bacharach's analysis, the court adopts his Report and Recommendation [Doc. #10]. Plaintiff's § 1983 action is therefore **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a valid claim.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE